IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPOERT NEWS DIVISION

| | | |
|---|---|---|
| **BRIDGET CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | Case No._____ |
| v. | ) | |
| | ) | **JURY DEMAND** |
| **WAWA, INC.,** | ) | |
| Serve: | ) | |
| **CT CORPOATIN SYSTEM** | ) | |
| **4701 COX ROAD SUITE, 285** | ) | |
| **GLEN ALLEN, VA 23060** | ) | |
| **(COUNTY OF HENRICO)** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, BRIDGET CARTER (hereinafter "Ms. Carter"), by counsel, and respectfully moves this Court for judgment against Defendant, WAWA INC., (hereinafter "Defendant") on the grounds and in the amount as hereinafter set forth.

### PARTIES

1. Ms. Carter is a resident of Newport News, Virginia. Service may be made upon her counsel.

2. The Defendant is a corporation organized and existing under the laws of the State.

### JURISDICTION AND VENUE

3. Paragraphs 1 through 2 are hereby incorporated by reference and re-alleged as if fully restated herein.

4. This complaint was filed within the applicable statute of limitations.

5. Jurisdiction and venue are proper in this Honorable Court because the City of Newport

News, Virginia is the city in which the subject accident giving rise to this Complaint took place.

6. Paragraphs 1 through 5 are hereby incorporated by reference and re-alleged as if fully restated herein.

7. On or about November 4, 2019, Ms. Carter was an invitee, lawfully on the premises located at 14803 Warwick Boulevard, Newport News, Virginia 23608.

8. At the same time and place, there existed a hazardous condition and defect on the premises.

9. The alleged hazardous condition caused Ms. Carter to fall and sustain severe and permanent bodily injuries.

10. On the aforesaid date and time, the Defendant and its agents, employees and/or servants, owned, maintained, and/or controlled the premises located at 14803 Warwick Boulevard, Newport News, Virginia 23608 and its agents, employees and/or servants, and failed to remove the excessive amount of water from the premises, causing an unreasonably dangerous condition.

11. The hazardous and dangerous condition at the location where Ms. Carter was injured was created by, maintained by, known to and/or allowed to remain on the premises by the Defendant and its agents, employees and/or servants, failed to warn Ms. Carter, that a dangerous condition existed on the premises.

12. The Defendant and its agents, employees and/or servants, had prior notice and were aware of said hazardous and dangerous condition on the premises.

**COUNT I: NEGLIGENCE**

13. Paragraphs 1 through 12 are hereby incorporated by reference and re-alleged as if fully

restated herein.

14. The Defendant and its agents, employees and/or servants negligently allows the defect to exit without remedying said defect or placing adequate warnings of said hazardous condition.

15. The Defendant and its agents, employees and/or servants includes but is not limited to negligent maintenance and/or repair of the premises, failure to properly repaired and/or remedy a hazardous and dangerous condition that was known to exist by the Defendant and its agents, employees and/or servants and negligently repairing and/or removing said hazardous and dangerous condition.

16. The Defendant and its agents, employees and/or servants negligently created a nuisance and allowed it to exist for a period of time without remedying said hazardous and dangerous condition.

17. As a direct and proximate result of the Defendant and its agents, employees and/or servants' negligent actions, Ms. Carter sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in her normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has sustained loss of earnings, and has been hampered in the conduct of her personal activities.

18. Ms. Carter did not fail to mitigate her damages, she did not assume the risk of injury, nor was she contributorily negligent.

**WHERFORE**, Plaintiff prays for the following relief:

1. The process and summons issue, as provide by law, requiring Defendant to appear and Answer Plaintiff's Complaint;

2. That service be had upon Defendant as provided by law;

3. That the Court award and enter a judgment in favor of the Plaintiff and against the Defendant for compensatory and special damages in an amount that will fully compensate the Plaintiff;

    Monetary awards provided to Plaintiff in the sum of Two million Five hundred thousand dollars ($2,500,000.00);

4. For the costs of litigating this case;

5. Plaintiff respectfully demands a jury of twelve (12) and reserves the right to amend this Complaint to conform to evidence as it develops;

6. All other relief, legal or equitable, that this Honorable Court deems just and proper.

Respectfully submitted on the 12th day of January 2023.

Electronically signed by:

/s/ Phillip S. Georges

Phillip S. Georges, Esq.
VSB #66596
Counsel for Plaintiff

**Phillip S. Georges, PLLC**
501 Union Street, Suite 200D
Nashville, TN 37219
T: 615-486-4115
F: 615-576-8668
E: Phil@wolfpacklawyers.com